USCA1 Opinion

 

 [NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 ____________________

No. 97-1902

 UNITED STATES OF AMERICA,

 Appellee,

 v.

 JOHN SCUDERI,

 Defendant, Appellant.

 ____________________

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Nathaniel M. Gorton, U.S. District Judge]

 ____________________

 Before

 Boudin, Circuit Judge,
 Coffin, Senior Circuit Judge,
 and Lynch, Circuit Judge.

 ____________________

 James R. Knudsen on brief for appellant.
 Donald K. Stern, United States Attorney, and Jennifer Zacks,
Assistant United States Attorney, on brief for appellee.

 ____________________

 March 17, 1998
 ____________________

 Per Curiam. Appellant John Scuderi ("Scuderi") was
 convicted of conspiracy and trafficking in counterfeit goods,
 through his operation of Marco Polo International ("Marco
 Polo"), in violation of 18 U.S.C. 371 & 2320. Based on the
 district court's finding that he had trafficked in counterfeit
 goods valued at more than $350,000, Scuderi was sentenced to a
 term of imprisonment of 37 months, pursuant to U.S.S.G. 
 2B5.3 & 2F1.1(b)(1)(J). We have reviewed the briefs of the
 parties and the record on appeal, and we summarily affirm.
 Scuderi recites correctly that it is the government's
 burden to prove the retail value of the infringing items by a
 preponderance of the evidence and that the court's
 determination of such value need not be precise. See, e.g.,
 United States v. Kim, 963 F.2d 65, 69 (5th Cir. 1992). We
 review the factual conclusions of the sentencing court for
 clear error. See United States v. Damon, 127 F.3d 139, 141
 (1st Cir. 1997). Contrary to Scuderi's contention, however,
 there was no clear error in the district court's determination
 in this case.
 The presentence report adequately supported its sales
 figure of $477,000 using a tax return and bank statements as
 sources. At sentencing, Scuderi was only able to identify
 approximately $17,000 in Victoria's Secret clothing as
 legitimate merchandise. He argued that some handbags, sheets
 and pillowcases were also legitimate merchandise, but offered
 no specific number of these allegedly legitimate items. The
 district court did credit Scuderi with some amount for the
 legitimate Victoria's Secret merchandise and for sales taxes,
 finding the retail value of the infringing items to be
 approximately $400,000, rather than $477,000.
 Scuderi's argument on appeal essentially is that the
 government failed to carry its burden of proof as to the extent
 of counterfeit merchandise sold by Marco Polo. He continues to
 argue that some handbags, sheets and pillowcases sold were
 legitimate merchandise, but he provides no specific number of
 these allegedly legitimate items. Scuderi cannot successfully
 challenge the court's determination by "a general objection, in
 the form of a claim that the [presentence] report does not
 satisfy the government's burden of proof." United States v.
 Washington, 115 F.3d 1008, 1010 (D.C. Cir. 1997). Such a
 general objection is essentially all that Scuderi has raised
 here.
 Affirmed. Loc. R. 27.1.